UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO: 4:24-CR-434 |
| | § | |
| AURELIO QUINTANILLA, JR., | § | |
| Defendant. | § | |

**UNITED STATES MOTION FOR FINAL ORDER OF FORFEITURE**

NOW COMES the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully submits this Motion for Final Order of Forfeiture in the above-styled case. In support thereof, the United States sets forth the following:

On January 17, 2025, AURELIO QUINTANILLA, JR. (hereinafter "Defendant"), pled guilty to Transportation of Child Pornography as charged in Count Two of the Indictment.

On February 11, 2025, the Court signed a Preliminary Order of Forfeiture (Doc. No. 30) forfeiting the following property to the United States of America:

a) iPhone 14 Pro Max, SN: CKQFH60YGV

(the "electronic device"). The order became final as to the Defendant at that time. (Doc. No. 30).

Notice of the forfeiture was posted on www.forfeiture.gov, an official government internet site, for at least 30 consecutive days beginning on February 15, 2025 and ending on March 16, 2025 (Doc. No. 33) as required by Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure and Supplemental Rule G(4)(a)(iii) and Supplemental Rule G(4)(a)(iv)(C) of the Federal Rules of Civil Procedure. More than 60 days have passed since the first day of publication and more than 30 days have passed since final publication, and, therefore, the time for filing petitions based upon the publication notice has expired. (Doc. No. 33); *see* 21 U.S.C. § 853(n)(2); Supp. Rule

1

G(5)(a)(ii)(B). No one has filed a petition asserting an interest in the electronic device, and the time to do so has expired. Therefore, any potential third-party petitioners should be held in default.

Defendant was sentenced on May 22, 2025. Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides "[a]t sentencing…the order of forfeiture becomes final as to the defendant." Rule 32(i)(4) further provides that a defendant must be provided the opportunity to allocute as to any matter in mitigation of his sentence, necessarily including forfeiture. The Defendant has had that opportunity. Accordingly, the United States requests that the Preliminary Order be made final as to the Defendant and the forfeiture made part of his sentence.

In accordance with Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), the United States moves for a Final Order of Forfeiture forfeiting all right, title, and interest in the electronic device to the United States.

Respectfully submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By: s/ *Tyler Foster*
TYLER FOSTER
Assistant United States Attorney
Southern District of Texas No: 3802443
Oklahoma: 34839
800 N. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Phone: 361/888-3111  Fax: 361/888-3200
Email: tyler.foster2@udoj.gov

## CERTIFICATE OF NONCONFERENCE

Because the forfeiture has already become final as to Defendant, Aurelio Quintanilla, Jr., he has no interest in the property and has not been contacted concerning his position as to this motion. No third parties have filed petitions asserting an interest in the property; therefore, there is no one with whom to confer.

By:  s/ *Tyler Foster*
TYLER FOSTER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on counsel of record via electronic filing.

By:  s/ *Tyler Foster*
TYLER FOSTER
Assistant United States Attorney