# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

September 16, 2025

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 25-20230    USA v. Quintanilla
USDC No. 4:24-CR-434-1

United States Courts
Southern District of Texas
FILED

*September 16, 2025*

Nathan Ochsner, Clerk of Court

The court has granted the motion to supplement the record in this case. The originating court is requested to add the attached motion and documents to their court's docket and to provide us with a supplemental electronic record. Counsel is reminded that any citations to these documents must cite to the supplemental electronic record.

Sincerely,

LYLE W. CAYCE, Clerk

*Melissa Mattingly*

By: _____
Melissa V. Mattingly, Deputy Clerk
504-310-7719

Mr. Daniel DeMaria
Ms. Carmen Castillo Mitchell
Mr. Nathan Ochsner

NO. 25-20230

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States of America,

Plaintiff - Appellee

v.

Aurelio Quintanilla, Jr.

Defendant – Appellant

On Appeal From The
United States District Court for the Southern District of Texas
No. 4:24-cr-00434

Unopposed Motion to Supplement the Record

TO THE HONORABLE JUDGES OF SAID COURT:

Appellant Aurelio Quintanilla, Jr., through counsel Daniel DeMaria and pursuant to Fed. R. App. P. 27 and this Court's Rule 27.1, moves for leave to supplement the record with the January 17, 2025 change of plea transcript. In support, Appellant states:

**Background**

Appellant filed a Notice of Appeal on June 3, 2025, and the Fifth Circuit assigned No. 25-20230 on June 10, 2025. On June 13, 2025, appellate counsel Daniel DeMaria submitted DKT-13 transcript orders, including an order for

1

the change of plea hearing. The court reporter filed the sentencing transcript on June 25, 2025, and the change of plea/re-arraignment transcript on July 2, 2025. The Electronic Record on Appeal was certified on July 9, 2025. Notwithstanding those steps, the change of plea transcript is not available in the EROA for citation in the parties' briefs. Appellant accordingly seeks an order supplementing the record with that transcript (attached as Exhibit A for the Court's convenience).

**Argument**

Federal Rule of Appellate Procedure 10 authorizes supplementation when "anything material to either party is omitted from … the record by error or accident." Fed. R. App. P. 10(e)(2). The Fifth Circuit has recognized supplementation under Rule 10(e) where material items are missing from the record, see *United States ex rel. Jamison v. Del-Jen, Inc.*, 747 F. App'x 216, 219 (5th Cir. 2018). Courts read "error or accident" broadly to permit adding "any matter which is properly a part [of the record]," whether the omission stemmed from the parties, reporter, clerk, or judge, see *United States v. Barrow*, 118 F.3d 482, 488 (6th Cir. 1997). The Rule 11 colloquy is central to the issues Appellant anticipates raising; ensuring the change of plea transcript is in the EROA will allow accurate citation and review.

**WHEREFORE**, Appellant respectfully requests that the Court grant this motion and order the record on appeal supplemented with the January 17, 2025 change of plea/re-arraignment transcript (Ex. A), and grant such other and further relief to which Appellant is justly entitled.

Respectfully submitted by:

/s/ Daniel DeMaria
Daniel DeMaria
Law Offices of Daniel DeMaria
15 Cottage Avenue, Fl. 4
Quincy, MA 02169
dan@demarialawoffices.com

## CERTIFICATE OF CONFERENCE

Undersigned counsel conferred with the United States (AUSA Carmen Mitchell) regarding this motion. The Government does not oppose this motion.

/s/ Daniel DeMaria
Daniel DeMaria

## CERTIFICATE OF SERVICE

I certify that on September 15, 2025, a true and correct copy of the foregoing was served via CM/ECF on all registered counsel of record.

/s/ Daniel DeMaria
Daniel DeMaria

## CERTIFICATE OF COMPLIANCE

This document contains no more than 321 words (excluding the parts exempted by Fed. R. App. P. 32(f)) and complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5)–(6). Prepared in 14-point Times New Roman.

/s/ Daniel DeMaria
Daniel DeMaria

# EXHIBIT "A"

```
 1                    IN THE UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF TEXAS
 2                            HOUSTON DIVISION

 3   ─────────────────────────────
     UNITED STATES OF AMERICA          )
 4                                      )   CRIMINAL ACTION NO.
     VS.                                )   4:24-cr-00612-1
 5                                      )
     MAJOR LYNN WALKER,                 )   1:15 P.M.
 6                                      )
                         Defendant.     )
 7   ─────────────────────────────     )
     UNITED STATES OF AMERICA          )
 8                                      )   CRIMINAL ACTION NO.
     VS.                                )   4:24-cr-00434-1
 9                                      )
     AURELIO QUINTANILLA, JR.,          )   1:15 P.M.
10                                      )
                         Defendant.     )
11   ─────────────────────────────     )

12                            RE-ARRAIGNMENT
                  BEFORE THE HONORABLE DAVID HITTNER
13                   UNITED STATES DISTRICT JUDGE
                           JANUARY 17, 2025
14

15   APPEARANCES:

16   FOR THE PLAINTIFF IN USA v. MAJOR LYNN WALKER:
     ANHKHOA THIEN TRAN
17   Department of Justice
     U.S. Attorney's Office
18   1000 Louisiana Street
     Suite 2300
19   Houston, Texas 77002

20   (713)567-9551

21   FOR THE PLAINTIFF IN USA v. AURELIO QUINTANILLA, JR.:
     MICHAEL E. DAY
22   Department of Justice
     U.S. Attorney's Office
23   1000 Louisiana Street
     Suite 2300
24   Houston, Texas 77002
     (956)638-5512
25
```

Case 4:24-cr-00434   Document 64   Filed on 09/16/25 in TXSD   Page 8 of 34
Case: 25-20230   Document: 29-2   Page: 7   Date Filed: 09/16/2025

2

 1   Appearances Continued:

 2   **FOR THE DEFENDANT IN USA v. MAJOR LYNN WALKER:**
     BRANDON G. LEONARD
 3   The Leonard Firm
     5300 Memorial Drive
 4   Suite 750
     Houston, Texas 77007
 5   (281)815-0063

 6   **FOR THE DEFENDANT IN USA v. AURELIO QUINTANILLA, JR.:**
     NATALIE J. AWAD
 7   Federal Public Defender's Office
     440 Louisiana
 8   Suite 1350
     Houston, Texas 77002
 9   (713)718-4600

10   **COURT REPORTER:**
     MONICA WALKER-BAILEY, MS, FCRR, RPR, CSR
11   Official Court Reporter
     515 Rusk Street
12   Suite 8004
     Houston, Texas 77002
13   (713)250-5087

14

15   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
16

17

18

19

20

21

22

23

24

25

PROCEEDINGS

1      **THE COURT:** Once again, we have -- asking the

2   Government.

3            On both of these cases, there are plea agreements; is

4   that correct?

5      **MR. DAY:** Yes, Your Honor.

6      **MR. TRAN:** Yes, Your Honor.

7      **THE COURT:** Okay. I'm going to take them both at the

8   same time, okay, call both at the same time. I've done that

9   many times. That way we don't have to all sit around and listen

10  to, you know, the basic script twice.

11           And no interpreter necessary?

12     **MR. TRAN:** No, Your Honor.

13     **MR. DAY:** No, Your Honor.

14     **THE COURT:** Okay.

15           Court calls the case Criminal Matter 24-612, *United*

16  *States v. Major Lynn Walker.*

17           Who represents the Government?

18     **MR. TRAN:** Anhkhoa Tran for the United States, Your

19  Honor.

20     **THE COURT:** And for the Defense?

21     **MR. LEONARD:** Good afternoon, Your Honor. Brandon

22  Leonard for Mr. Walker.

23     **THE COURT:** Okay.

24           Why don't you just shift down a little bit.

25           Let's see, who's the Government on the case?

Case 4:24-cr-00434    Document 64    Filed on 09/16/25 in TXSD    Page 10 of 34
Case: 25-20230    Document: 29-2    Page: 9    Date Filed: 09/16/2025

4

PROCEEDINGS

1    **MR. TRAN:** Anhkhoa Tran, Your Honor.

2    **THE COURT:** All right.

3    And for the Defense on that case?

4    **MR. LEONARD:** That would be me, Your Honor, Brandon

5    Leonard for Mr. Walker.

6    **THE COURT:** Oh, yeah. I'm sorry.

7    **MR. LEONARD:** No worries.

8    **THE COURT:** Yes, I know.

9    Also, the Court calls the case Criminal No. 24-434,

10   *United States v. Aurelio Quintanilla, Jr.*

11   Who represents the Government?

12   **MR. DAY:** Mike Day for the Government.

13   **THE COURT:** And for the Defense?

14   **MS. AWAD:** Natalie Awad on behalf of Mr. Quintanilla,

15   who is present.

16   **THE COURT:** Give me a second. Why don't you just

17   shift down one. In other words -- no, you and your client come

18   to this side because I'm going to take it in that sequence, okay

19   (indicating). And I think I can hear the attorneys pretty well.

20   You got a mic here, if you need one. It should be right in

21   front of you there.

22   **THE MARSHAL:** There were two, Your Honor, that's why I

23   gave them this one.

24   Do you want me to scoot them over here (indicating)?

25   **THE COURT:** No, no, no, that's fine.

## PROCEEDINGS

1    Shift down a little bit this way (indicating).

2         Okay.  All right.  We're ready to go.

3         Okay.  I understand -- I'm going to ask you questions

4    in sequence, so first Defendant Walker answers, and then the

5    Defendant Quintanilla is going to answer.

6         I understand that each of you want to plead guilty to

7    this matter today; is that correct?

8         DEFENDANT WALKER:  Yes, sir.

9         THE COURT:  No, stand up so I can hear you.  If I have

10   problems, or anyone have a problem, you could get up there

11   (indicating).

12        Okay.

13        DEFENDANT WALKER:  Yes, sir.

14        THE COURT:  Raise your right hand and take the oath.

15        CASE MANAGER:  Do you solemnly swear that the

16   testimony you will give in your case now before the Court will

17   be the truth, the whole truth, and nothing but the truth?

18        DEFENDANT WALKER:  I do.

19        DEFENDANT QUINTANILLA, JR.:  I do.

20        THE COURT:  All right.  You understand you're now

21   under oath and if you answer any questions of mine falsely, your

22   answers may later be used against you in another prosecution for

23   perjury; that's for making a false statement?

24        DEFENDANT WALKER:  Yes.

25        DEFENDANT QUINTANILLA, JR.:  Yes.

PROCEEDINGS

1    THE COURT:  All right.

2    State your full name.

3    DEFENDANT WALKER:  Major Lynn Walker.

4    THE COURT:  Age?

5    DEFENDANT WALKER:  23.

6    THE COURT:  Education?

7    How high did you get in school?

8    DEFENDANT WALKER:  Graduated high school.

9    THE COURT:  Okay.  Let's see.

10    Name?

11    DEFENDANT QUINTANILLA, JR.:  Aurelio Quintanilla, Jr.

12    THE COURT:  Age?

13    DEFENDANT QUINTANILLA, JR.:  21.

14    THE COURT:  Education?

15    DEFENDANT QUINTANILLA, JR.:  High school graduate as

16    well.

17    THE COURT:  Have you ever been treated for any mental

18    illness or addiction to narcotic drugs?

19    DEFENDANT WALKER:  No, sir.

20    DEFENDANT QUINTANILLA, JR.:  No, sir.

21    THE COURT:  Are you presently under the influence of

22    any drug, medication, or alcoholic beverage of any kind?

23    DEFENDANT WALKER:  No, sir.

24    DEFENDANT QUINTANILLA, JR.:  No, sir.

25    THE COURT:  Have you had sufficient time to consult

PROCEEDINGS

1    with your attorney?

2          Have you had sufficient time to consult with your

3    attorney?

4          DEFENDANT WALKER:  Yes, sir.

5          DEFENDANT QUINTANILLA, JR.:  Yes, sir.

6          THE COURT:  Are you satisfied with your attorney?

7          DEFENDANT WALKER:  Yes, sir.

8          DEFENDANT QUINTANILLA, JR.:  Yes, sir.

9          THE COURT:  All right.  I'm going to ask the attorneys

10   four questions at the same time:

11         Have you had sufficient time to investigate the law

12   and the facts of your client's case now before the Court?

13         Does he understand the nature of the charges pending

14   against him?

15         Has he been able to cooperate with you in every

16   respect?

17         And, in your opinion, is he now mentally competent?

18         As to the four questions, Counsel?

19         MR. LEONARD:  As to the four questions, yes, Your

20   Honor.  Counsel for Mr. Walker.

21         MS. AWAD:  Yes, to all questions, Your Honor.

22         THE COURT:  Okay.

23         Have you and your attorney received a copy of the

24   indictment; that's the written charges pending against you?

25         DEFENDANT WALKER:  Yes, sir.

PROCEEDINGS

1    DEFENDANT QUINTANILLA, JR.:  Yes, sir.

2          THE COURT:  All right.  As to Defendant Walker, you're

3    pleading today to Count Two, aiding and abetting, brandishing a

4    firearm during and in relation to a crime of violence.  The

5    basic elements are -- let's see.

6          How many is he pleading to?  Oh, here it is, Count

7    Two.

8          Just to Count Two, correct?

9          MR. TRAN:  Yes, Your Honor.

10         THE COURT:  Okay.

11         The basic elements are that the crime of the Hobbs Act

12   robbery was committed by some person, okay, and the Hobbs Act is

13   a crime of violence.  The next one, that some person knowingly

14   brandished a firearm during and in relation to the commission of

15   the Hobbs Act robbery; that the Defendant associated with that

16   criminal venture; and that the Defendant purposefully

17   participated in the criminal venture, and that the Defendant

18   sought by action to make that venture -- what is it --

19   successful.

20         Penalties not less than seven-years imprisonment, and

21   that's consecutive to any other sentence that may be applicable,

22   not more than life imprisonment; not more than $250,000 fine;

23   not more than five years of supervised release, and a $100

24   special assessment.

25         Do you understand this to be the nature of the charge,

PROCEEDINGS

1   and the possible penalties pending against you?

2        **DEFENDANT WALKER:**  Yes, sir.

3        **THE COURT:**  All right.

4        As to the Defendant Quintanilla, you're pleading today

5   to Count Two, transportation of child pornography.  Count One

6   [sic] that you're pleading to is transportation of child

7   pornography, a violation of 18 United States Code, Section

8   2252A(a)(1) and Section 2252A(b)(1).  The basic elements are the

9   Defendant knowingly transported by any means or facility of and

10  in or affecting interstate or foreign commerce, including by

11  computer, an item of child pornography.  And that when the

12  Defendant transported the item, the Defendant knew it contained

13  child pornography.

14       Penalty is five to 20 years in prison; up to $250,000

15  fine; restitution of at least $3,000; any supervised release, it

16  would be not less than five years and up to life, and a special

17  assessment of $100.

18       You understand this to be the nature of the charge

19  pending against you?

20       **DEFENDANT QUINTANILLA, JR.:**  Yes.

21       **THE COURT:**  And the possible penalties pending against

22  you?

23       **DEFENDANT QUINTANILLA, JR.:**  I do.

24       **MR. DAY:**  Your Honor, not to interrupt, but there are

25  additional special assessment fees in this case with this

PROCEEDINGS

1    charge.

2            THE COURT:  All right.  Let's see.

3            MR. DAY:  There's a $5,000 special assessment fee.

4            THE COURT:  Hold it a second.  Did I miss it?

5            MR. DAY:  Yes.

6            THE COURT:  Oh, yeah.  Okay.  I'm sorry.  Thank you.

7            There is a special assessment of $100, plus $50,000

8    special assessment for the -- what is it -- the JVTA, and up to

9    $35,000 special assessment pursuant to the AVAA.  Those are

10   Federal Acts.

11           MR. DAY:  It was $5,000 for the JVTA.

12           THE COURT:  What did I say?

13           MR. DAY:  50,000.

14           THE COURT:  Let's start again.

15           Okay.  The special assessment, I'm sorry, is $100,

16   plus $5,000 special assessment pursuant to the JVTA, plus up to

17   $35,000 special assessment for the AVAA.

18           Is that correct?

19           MR. DAY:  Yes, Your Honor.

20           THE COURT:  Thank you for catching that.

21           You understand this to be the nature of the charges

22   and the possible penalties pending against you?

23           DEFENDANT QUINTANILLA, JR.:  I do.

24           THE COURT:  Now to both of you.  Do you understand you

25   have a right to continue to plead not guilty if you want to?

PROCEEDINGS

1    **DEFENDANT WALKER:** Yes.

2    **DEFENDANT QUINTANILLA, JR.:** I do.

3    **THE COURT:** All right.

4        If you had continued to plead not guilty, you would

5    have had the right to a trial by jury or before the Court.

6    During which, you'd also have the right to the assistance of

7    counsel for your defense; the right to see and hear all the

8    witnesses and have them cross-examined in your defense; the

9    right on your own part to decline to testify unless you

10   voluntarily elected to do so in your own defense; the right to

11   the issuance of subpoenas or compulsory process to compel the

12   attendance of witnesses to testify in your defense.  At trial,

13   the Government would have to prove each element of the offense

14   of which you are charged.

15       Hang on one second.  I'm going to continue.

16       Do you further understand that by entering a plea of

17   guilty, if that plea is accepted by the Court, there will be no

18   trial and you would be giving up your right to a trial as well

19   as those other rights associated with a trial, as I just

20   described?

21       Do you also understand that if I accept your plea of

22   guilty, you will be waiving all non-jurisdictional defects, if

23   any, in this prosecution, such as, for example, any illegal

24   search and seizure; a violation of your right to a speedy trial;

25   an inadmissible statement, if you've made one, and, in other

PROCEEDINGS

1    words, if I accept your plea of guilty, you'll not be able to

2    raise these defenses at a later time?

3              Do you understand that?

4              **DEFENDANT WALKER:**  Yes, sir.

5              **DEFENDANT QUINTANILLA, JR.:**  Yes, sir.

6              **THE COURT:**  Are you a citizen of the United States?

7              **DEFENDANT WALKER:**  Yes, sir.

8              **DEFENDANT QUINTANILLA, JR.:**  Yes, sir.

9              **THE COURT:**  All right.

10             As such, you need to understand that the offense to

11   which you're pleading guilty is a felony offense.  And if your

12   plea is accepted, you'll be adjudged guilty of that offense, and

13   such adjudication may deprive you of such rights as the right to

14   vote; the right to hold public office; the right to serve on a

15   jury; the right to possess any kind of a firearm, and also the

16   Court has the authority to order restitution.

17             Do you understand all of that, sir?

18             **DEFENDANT WALKER:**  Yes, sir.

19             **DEFENDANT QUINTANILLA, JR.:**  I do.

20             **THE COURT:**  Has any plea agreement been entered

21   between the parties?

22             How about the first case?

23             **MR. TRAN:**  Yes, Your Honor.

24             **THE COURT:**  And the second case?

25             **MR. DAY:**  Yes, Your Honor.

PROCEEDINGS

1    THE COURT:  Okay.

2         Under what subsection, Counsel, is your case going?

3    MR. TRAN:  Rule 11(c)(1)(A), Your Honor.

4    THE COURT:  And Counsel?

5    MR. DAY:  Rule 11(c)(1)(A) as well.

6    THE COURT:  All right.

7         The guidelines have been set for the judges to

8    consider in determining the sentence in a criminal case.

9         Have you and your attorney talked about how these

10    guidelines might apply to your case?

11    DEFENDANT WALKER:  Yes, sir.

12    DEFENDANT QUINTANILLA, JR.:  Yes, sir.

13    THE COURT:  You understand I will not be able to

14    determine the guideline sentence for your case until after a

15    presentence report has been completed and you and the Government

16    have had an opportunity to challenge the facts reported by the

17    probation officer?

18         And you also understand that after it's been

19    determined -- give me a second -- determined what guideline

20    applies to a case, the judge has the authority to impose a

21    sentence that's more severe or less severe than the sentence

22    called for by the guidelines?

23         Do you also understand that under some circumstances

24    you or the Government may have the right to appeal any sentence

25    that a Court imposes?

PROCEEDINGS

1          Also, do you understand that the federal system is

2  different than the state system?  In the federal system, parole

3  has been abolished and if you're sentenced to prison, you will

4  not be released on parole.

5          Do you understand that?

6          **DEFENDANT WALKER:**  Yes, sir.

7          **THE COURT:**  Do you understand that?

8          **DEFENDANT QUINTANILLA, JR.:**  Yes.

9          **THE COURT:**  All right.

10          Now, if you would, please just give me a general

11  overview of what the -- what is it -- plea agreement states.

12          First case, yes, sir.

13          **MR. TRAN:**  Yes, Your Honor.  If this case were to go

14  to trial, the Government would prove beyond a reasonable doubt

15  the following facts:

16          That on November 8th, 2024, the Defendant and

17  co-defendant --

18          **THE COURT:**  Slow down a little bit.

19          **MR. TRAN:**  Yes, sir.

20          **THE COURT:**  People have a tendency to speed up when

21  they read, and we have to get it down, the court reporter.

22          Go on.

23          **MR. TRAN:**  Yes, sir.

24          On November 8th, 2024, the Defendant and co-defendant,

25  Braylon Martez Hunt, robbed a Cricket Wireless store, located at

**PROCEEDINGS**

1   10531 South Post Oak Road, in Houston, Texas, Harris County.

2   Harris County is in the Southern District of Texas.   In

3   particular, at approximately 11 a.m. on that date, they entered

4   the Cricket Wireless store.   The Defendants approached the sole

5   employee of the store, pointed a handgun at the employee, and

6   directed her to the back of the store.   They ordered her to

7   unlock a safe and waited 15 minutes for the safe to unlock.

8           **THE COURT:**   They waited 15 minutes?

9           **MR. TRAN:**   Yes, Your Honor.   The safe was equipped

10  with a timer --

11          **THE COURT:**   Yeah.

12          **MR. TRAN:**   -- and so it would not unlock until after

13  15 minutes.

14          **THE COURT:**   Right.

15          **MR. TRAN:**   So they held her at gunpoint for 15

16  minutes, waited for the timer to elapse, and then proceeded to

17  take 16 cellphones and approximately $95 in U.S. currency.   The

18  Defendants fled the scene in a Chevy Malibu.   That was -- based

19  on prior investigation, was determined to be registered to

20  Defendant Braylon Hunt.

21          After the robbery, officers observed the vehicle drive

22  to a gas station and meet up with another individual named KL.

23  The officers observed Defendant Hunt sell the cellphones to KL.

24  When officers attempted to pull over the Chevy Malibu, the

25  driver, Defendant Hunt, attempted to evade officers.   Officers

**PROCEEDINGS**

1   had to use a PIT and pin maneuver to stop the vehicle.

2          When the Defendants were arrested, officers found

3   $2,132 on Defendant Hunt, and $1,744 on Defendant Walker.

4   Officers also observed a handgun in the cupholder of the

5   Chevrolet Malibu.

6          In an interview with law enforcement officers, KL

7   admitted that he had been buying cellphones from Defendant Hunt

8   for over a year.  He admitted that he paid Defendant Hunt $400

9   for two cellphones taken on November 7th, 2024, and further

10  admitted that he paid Defendant Hunt $3,400 for 16 cellphones

11  taken on that day, November 8th, 2024.  The serial numbers

12  and --

13          THE COURT:  I don't need the serial numbers.

14          MR. TRAN:  The serial numbers just -- of the 16 phones

15  recovered from KL matched the serial numbers of the phones that

16  were taken from that Cricket Wireless phone.

17          THE COURT:  Okay.  I didn't mean to interrupt, but

18  sometimes --

19          MR. TRAN:  Yes, Your Honor.

20          THE COURT:  All right.  Go right ahead.

21          MR. TRAN:  Right.

22          And so the serial numbers matched the phones that were

23  taken from the Cricket Wireless store on November 8th, 2024.

24  And then just Cricket Wireless, LLC is an American prepaid

25  wireless service provider, headquartered in Atlanta, Georgia.

**PROCEEDINGS**

1  The stores are engaged in the business of selling cellphones and

2  other electronic devices, which are shipped through and affect

3  interstate commerce.

4         THE COURT:  Okay.

5         Are these the terms of the plea agreement as you

6  understand them?

7         DEFENDANT WALKER:  Yes.  Yes, sir.

8         THE COURT:  All right.

9         And has anyone made any other or different promise to

10  you of any kind, such as possible leniency or an offer of

11  probation in order to get you to plead guilty in this case?

12         DEFENDANT WALKER:  No, sir.

13         THE COURT:  Has anyone attempted in any way to

14  threaten, force, or coerce you into pleading guilty?

15         DEFENDANT WALKER:  No, sir.

16         THE COURT:  Okay.

17         All right.  Now, as to the second Defendant, yes, sir,

18  go as to the second Defendant.  Again, the terms of the plea

19  agreement.

20         MR. DAY:  In terms of the plea agreement, Your Honor,

21  if the Defendant pleads guilty to Count Two of the indictment,

22  and persists in that plea through sentencing, and the Court

23  accepts the plea, the Government would move to dismiss the

24  remaining counts of the indictment at the time of sentencing.

25         THE COURT:  How many?

## PROCEEDINGS

1          **MR. DAY:** The remaining counts of the --

2          **THE COURT:** How many? Eight?

3          **MR. DAY:** That would be Counts One and Three of the

4    indictment.

5          **THE COURT:** Okay. So I missed --

6          **MR. DAY:** So he's pleading guilty to Count Two.

7          **THE COURT:** Okay.

8          So there are three counts? What, three different

9    robberies?

10          **MR. DAY:** This is a different type of case.

11          **THE COURT:** Okay. Keep going.

12          **MR. DAY:** Okay.

13          The Defendant agrees that with respect to any and all

14    dismissed charges, he's not a prevailing party within the

15    meaning of the Hyde Amendment. We're not filing any claim under

16    that law. If the Court determines the Defendant qualifies for

17    an adjustment under Section 3E1.1(a) of the guidelines, and the

18    offense level prior to the operation of 3E1.1(a) is 16 or

19    greater, the Government will move under Section 3E1.1(b) for an

20    additional one-level reduction because the Defendant timely

21    notified authorities of his intent to plead guilty, thereby

22    permitting the Government to avoid preparing for trial and

23    permitting the Government and the Court to allocate the

24    resources more efficiently.

25          Those are the terms of the plea agreement. I can

**PROCEEDINGS**

1   proceed with the factual summary as well.

2          THE COURT:  Are those the terms of the plea agreement

3   as you understand them?

4          DEFENDANT QUINTANILLA, JR.:  Yes, sir.

5          THE COURT:  Has anyone made any or a different promise

6   to you of any kind, such as possible leniency or an offer of

7   probation in an effort to induce you, therefore, a plea of

8   guilty?

9          DEFENDANT QUINTANILLA, JR.:  No, sir.

10         THE COURT:  Has anyone attempted in any way to

11  threaten, force, or coerce you into plead guilty?

12         DEFENDANT QUINTANILLA, JR.:  No, sir.

13         THE COURT:  Okay.

14         I apologize for this hoarseness.  Just a day or so

15  ago, I had to read a 40-page jury instruction.  And I'm still

16  hoarse from that.

17         MR. TRAN:  Your Honor, if we could jump back to the

18  first page.  My apologies.

19         THE COURT:  Yes, sir.  Go on.

20         MR. TRAN:  I forgot to flag the actual part of the

21  United States, similar to what Mr. Day had read.

22         THE COURT:  Okay.  Go on.

23         MR. TRAN:  If Defendant pleads to Count Two, which we

24  went over the factual basis of, and persists in the plea through

25  sentencing, and the Court accepts the plea agreement, the United

**PROCEEDINGS**

1   States will move to dismiss Count One.

2        **THE COURT:**  Is that fully understandable?

3        **DEFENDANT WALKER:**  Yes, sir.

4        **MR. TRAN:**  And then the other part is if the Court

5   determines that the Defendant qualifies for an adjustment under

6   U.S. Sentencing Guideline Section 3E1.1(a) and --

7        **THE COURT:**  He'd get an extra point?

8        **MR. TRAN:**  Yeah, get an extra point if it's over 16.

9        **THE COURT:**  All right.

10       Is that okay?

11       Do you understand that?

12       **DEFENDANT WALKER:**  Yes.  Yes, sir.

13       **THE COURT:**  All right.

14       **MR. TRAN:**  And that's it, Your Honor.  Thank you.

15       **THE COURT:**  To both sides, both Defendants.  The

16   Court, in considering your plea agreement under Federal Rule of

17   Criminal Procedure 11(c)(1)(A), do you understand I may accept

18   or reject the plea agreement as proposed?

19       **DEFENDANT WALKER:**  Yes, sir.

20       **DEFENDANT QUINTANILLA, JR.:**  Yes, sir.

21       **THE COURT:**  Do you also understand that if I accept

22   your plea of guilty today and if I reject the plea agreement

23   that the parties have brought before the Court, you will

24   nonetheless not be permitted to withdraw your plea of guilty?

25       Also, do you understand that the Government's

**PROCEEDINGS**

1   recommendation, or the Defendant's request for a particular

2   sentence, is not binding on the Court, and I'm free to assess

3   any punishment within the limits prescribed by law as I

4   described them to you earlier?

5          **DEFENDANT WALKER:**  Yes, sir.

6          **DEFENDANT QUINTANILLA, JR.:**  Yes, sir.

7          **THE COURT:**  Are you now both ready to enter a plea in

8   this case?  Ready?

9          **DEFENDANT WALKER:**  Yes, sir.

10          **DEFENDANT QUINTANILLA, JR.:**  Yes, sir.

11          **THE COURT:**  All right.

12          Counsel, do you know any reason why your client should

13   not plead guilty?

14          **MR. LEONARD:**  I do not, Your Honor.

15          **MS. AWAD:**  No, Your Honor.

16          **THE COURT:**  Do you know of any meritorious defenses

17   that your Defendant would have as to the count to which he's

18   pleading guilty?

19          **MR. LEONARD:**  No, Your Honor.

20          **MS. AWAD:**  No, Your Honor.

21          **THE COURT:**  Before I can accept your plea of guilty, I

22   need to make a determination that there's a factual basis for

23   your plea, and that you are in fact guilty as charged.  If you

24   would listen to the Assistant U.S. Attorney as he describes the

25   facts of this case, and what would be proved if it went to

PROCEEDINGS

1   trial.

2               MR. TRAN:  Sir, I already -- I think I jumped the gun.

3   I already laid the factual basis earlier, but I could repeat

4   that if you want.

5               THE COURT:  Okay.

6               Were those facts recited by the Assistant U.S.

7   Attorney true?

8               DEFENDANT WALKER:  Yes, sir.

9               THE COURT:  And did you intend to commit the acts that

10  he just described?

11              DEFENDANT WALKER:  No, sir.

12              THE COURT:  You didn't intend to do it?

13              DEFENDANT WALKER:  Oh, no.  Yes.  Yes, sir.

14              THE COURT:  Again, you may now arraign the Defendant

15  as to the count involved in the plea agreement, unless, Counsel,

16  you want to voluntarily waive the reading of the indictment?

17              MR. LEONARD:  I'm sorry.

18              THE COURT:  Do you waive the reading?

19              MR. LEONARD:  Yes, we do.  We do, Your Honor.

20              THE COURT:  As to the one count to which you pled, how

21  do you plead, guilty or not guilty?

22              DEFENDANT WALKER:  Plead guilty.

23              THE COURT:  All right.

24              Have you read and do you understand the plea of guilty

25  agreement?

PROCEEDINGS

1      DEFENDANT WALKER:  Yes, sir.

2      THE COURT:  Okay.

3      If it's your desire, you may go ahead and sign it at

4  this time.

5      (Handing.)

6      THE COURT:  All right.  As to the next case, what does

7  your file reflect concerning the facts of this case?

8      MR. DAY:  On or about July 22nd, 2024, the Defendant

9  entered the United States of America from the United Mexican

10 states via the George Bush Intercontinental Airport --

11     THE COURT:  But, he is a citizen?

12     MR. DAY:  Yes.

13     THE COURT:  Okay.  Go on.

14     MR. DAY:  -- George Bush Intercontinental Airport, in

15 Houston, Texas.  Customs and Border Protection Officers, CBPOs,

16 stopped Quintanilla, the Defendant, for an inbound inspection,

17 and he's referred to secondary.

18     THE COURT:  So that was an inbound, not an outbound.

19 So, in other words, when he landed.

20     MR. DAY:  Correct.

21     THE COURT:  Okay.

22     MR. DAY:  The CBPOS performed a manual inspection of

23 the Defendant's iPhone 14 Pro Max and viewed what they suspected

24 to be child sex abuse materials.  HSI was called to conduct an

25 interview of the Defendant and to continue the investigation.

## PROCEEDINGS

1    During an interview, the Defendant admitted to

2    possessing, receiving, transporting, distributing, and producing

3    child pornography, as further defined by law.

4              THE COURT:  What was the element that it was recorded

5    on?  Was it electronic or...

6              MR. DAY:  It was on an iPhone 14, a phone.

7              THE COURT:  On the phone?

8              MR. DAY:  Yes.

9              THE COURT:  Okay.

10             MR. DAY:  The Defendant knew the images of the child

11   pornography were on his iPhone and had transported them in

12   interstate commerce.

13             THE COURT:  That's it?

14             MR. DAY:  Yes.

15             THE COURT:  Okay.

16             Are these facts, as recited by the Assistant U.S.

17   Attorney, true?

18             DEFENDANT QUINTANILLA, JR.:  Yes, sir.

19             THE COURT:  Did you intend to do the acts as he

20   described, that is, did you know what you were doing at the

21   time?

22             DEFENDANT QUINTANILLA, JR.:  Yes, sir.

23             THE COURT:  All right.

24             You may now arraign the Defendant as to the count

25   involved in the plea agreement, unless, Counsel, you want to

**PROCEEDINGS**

1    voluntarily waive reading of the indictment.

2              **MS. AWAD:**  We'll waive reading, Your Honor.

3              **THE COURT:**  Okay.

4              As to the one count to which you pled, how do you

5    plead, guilty or not guilty?

6              **DEFENDANT QUINTANILLA, JR.:**  Guilty.

7              **THE COURT:**  Have you read and do you understand the

8    plea of guilty agreement?

9              **DEFENDANT QUINTANILLA, JR.:**  Yes, sir.

10             **THE COURT:**  If you're so inclined, then, you may go

11   ahead and sign it at this time.

12             (Handing.)

13             **THE COURT:**  These are the Court's findings as to both

14   Defendants:

15             I find each Defendant is mentally competent at the

16   present time.  I find there's a factual basis for the plea of

17   guilty, and that the Defendant individually, each of them,

18   intended to do the acts he committed.  I find each Defendant's

19   plea of guilty is voluntarily and knowingly made, and that the

20   Defendant understands the nature of these proceedings and

21   understands the consequences of his plea of guilty.  Upon your

22   plea of guilty, I find you guilty in those individual counts to

23   which you pled, and I will consider the parties' plea agreement

24   before the imposition of a sentence.

25             A written presentence report will be prepared by the

**PROCEEDINGS**

1    Probation Office to assist me.  You'll be required to give

2    information for the report, and your attorney may be present, if

3    you wish.  The Court will permit you and your attorney to read

4    the presentence report before the sentencing hearing.  And at

5    the sentencing hearing, you and your attorney will be given the

6    opportunity to speak on your behalf at that time.  And the

7    Probation Office will be contacting you relative to those

8    procedures.

9              All right.  The Defendant Walker is ordered to be back

10   before this Court for sentencing on April 17th, 2025, at

11   1:45 p.m.

12             Defendant Quintanilla is ordered to be back before

13   this Court for sentencing on April 18th, 2025, at 1:30 p.m.

14             Let's see.  On the Walker case, anything further from

15   the Government?

16             **MR. TRAN:**  No, Your Honor.  Thank you.

17             **THE COURT:**  For the Defense?

18             **MR. LEONARD:**  Nothing, Your Honor.  Thank you.

19             **THE COURT:**  Before you leave, why don't we just -- I'm

20   going to talk about the other one.

21             Now, as to Quintanilla, anything further from the

22   Government?

23             **MR. DAY:**  No, Your Honor.

24             **THE COURT:**  And for the Defense?

25             **MS. AWAD:**  Nothing further.

PROCEEDINGS

1          THE COURT:  Well, is he --

2          MS. AWAD:  Well, besides --

3          THE COURT:  Yes, what else do you want to talk about?

4          MS. AWAD:  Your Honor, at this time, Mr. Quintanilla

5     was released on a 50,000-unsecured bond with very strict

6     conditions.  He does have an ankle monitor.  So, at this time,

7     the Defense is requesting that he be permitted to remain on bond

8     pending sentencing.

9          THE COURT:  Well, what's he doing right now?  Does he

10    have a job?

11         MS. AWAD:  He does, Your Honor.

12         THE COURT:  Doing?

13         MS. AWAD:  He's working at a metal fabrication shop

14    for a roofing company.  And he does have a stable residence.  He

15    resides with his father, and his father is present in the

16    courtroom today.  And his father works for the same company, so

17    he's been supervised by pretrial and his father.  And in

18    addition, Your Honor, to being employed, he is attending

19    counseling twice a month.

20         THE COURT:  Okay.

21         Government's position?

22         MR. DAY:  The Government is not opposed, given his

23    stable residence, work history, as well as the lack of

24    violations to this point.

25         THE COURT:  All right.

**PROCEEDINGS**

1          I will allow this Defendant, then, to remain on bond

2   under the same conditions.

3          You have to check out, don't you, today?

4          **MS. AWAD:**  Yes, Your Honor.  I can escort my client to

5   the Probation Office.

6          **THE COURT:**  Yeah.  Okay.

7          Anything further now from the Defense?

8          **MS. AWAD:**  Nothing further.

9          **THE COURT:**  All right.  Thank you.  We'll stand

10  adjourned in both cases.

11         **MS. AWAD:**  Thank you.

12         **MR. DAY:**  Thank you.

13         **MR. LEONARD:**  Thank you, Your Honor.

14         **MR. TRAN:**  Thank you, Your Honor.

15         **LAW CLERK:**  All rise.

16     (Court adjourned at 1:49 p.m.)

17                        *  *  *  *

18         I certify that the foregoing is a correct transcript

19  from the record of proceedings in the above matter.

20  Date:  July 2, 2025

21                 /S/ Monica Walker-Bailey, MS, FCRR, RPR, CSR
                        Signature of Court Reporter
22

23

24

25